UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERNEST W. THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15-cv-01514 (APM) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ernest Thomas ("Plaintiff"), who is proceeding pro se, brings this action against Defendant United States Department of Justice ("Defendant" or "the DOJ") under the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552. This matter is before the court on Defendant's Motion for Summary Judgment, ECF No. 17 [hereinafter Def.'s Mot.]. For the reasons discussed below, Defendant's Motion is denied without prejudice.[1]

This case arises from a FOIA request Plaintiff submitted to the Executive Office for United States Attorneys ("EOUSA"), a sub-agency of the DOJ, for records pertaining to a criminal case brought against him in the Superior Court of the District of Columbia. Compl., ECF No. 1 [hereinafter Compl.], at 1. Plaintiff supplied the relevant case number in his FOIA request and indicated that he sought, among other things, "police reports, medical report[s], [and] statements, generated during the investigation of the criminal case." Compl., Ex. A.

---

[1] Based on Plaintiff's representation that he had not received a copy of the documents released by the EOUSA, *see* Pl.'s Opp'n to Def.'s Mot., ECF No. 20, at 2, 7–8, the court granted Plaintiff an extension of time, to March 21, 2017, to file a supplemental opposition to Defendant's Motion. To date, Plaintiff has neither filed that supplemental opposition nor requested an extension of time to file. Therefore, the court issues this ruling without the benefit of Plaintiff's response.

Defendant subsequently searched for records responsive to Plaintiff's request. As explained in a declaration submitted by David Luczynski, an Attorney Advisor with the EOUSA, each separate United States Attorney's office maintains its own criminal case files. Def.'s Mot., Ex. A, ECF No. 17-1 [hereinafter Luczynski Decl.], ¶ 13. Accordingly, the EOUSA forwarded Plaintiff's request to the FOIA Contact at the U.S. Attorney's Office for the District of Columbia ("USAO/DDC"), the DOJ office that prosecuted him. *Id.* Thereafter, the FOIA Contact searched the files affiliated with the case number Plaintiff provided in his FOIA request and sent e-mails to the Assistant United States Attorney assigned to that case for any additional responsive records. *Id.* In addition, the FOIA Contact searched the "LIONS" system to find responsive materials.

> The "LIONS" system is the computer system used by United States Attorney's offices to track cases and to retrieve files pertaining to cases and investigations. Through the "LIONS" system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the court case number for any court cases. In this case, the FOIA Contact used the LIONS system to locate records responsive to plaintiff's FOIA request.

*Id.* In light of these efforts, Luczynski concludes that "[a]ll documents responsive to plaintiff's FOIA request have been located in the USAO/DDC." *Id.*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks omitted). To this end, it may submit affidavits or declarations to explain the method and scope of its search. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (per curiam). The

supporting affidavit or declaration must be "reasonably detailed . . . , setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks omitted).

The Luczynski Declaration—upon which Defendant relies to establish the adequacy of its search—is insufficiently detailed to satisfy the summary judgment standard. The court does not question the reasonableness of the EOUSA's decision to forward Plaintiff's request to the USAO/DDC, the FOIA Contact's decision to search the "LIONS" system, or the FOIA Contact's effort to obtain responsive material from the Assistant United States Attorney in charge of Plaintiff's criminal case. Those actions demonstrate a good faith effort to identify all responsive records. Nevertheless, the Luczynski Declaration is insufficient to carry Defendant's burden because it fails to specify, with any level of detail, *how* the USAO/DDC conducted its searches. For instance, the Declaration does not specify the search terms that the FOIA Contact used to identify and retrieve records within the "LIONS" system. Nor does it detail in which files the assigned Assistant United States Attorney conducted her own search at the FOIA Contact's prompting, what methods she used, or what responsive materials she identified, if any.

Without more details, Defendant cannot satisfy its burden on summary judgment. To be clear, the USAO/DDC very well may have conducted an adequate search. After all, Plaintiff's FOIA request is straightforward: he seeks information about his own criminal case, which he identified by case number. Based on the current record, however, the court cannot find that the search conducted was reasonably designed to identify all responsive information. *See DeBrew v. Atwood*, 792 F.3d 118, 122 (D.C. Cir. 2015) (concluding that the agency's declaration was "not sufficiently detailed to support a summary judgment because it does not disclose the search terms

3

used by the [agency] and the type of search performed"); *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (concluding that the agency's declaration, which "merely identifies the three directorates that were responsible for finding responsive documents," was insufficient because it did not "provide . . . information about the search strategies of the components charged with responding to [the plaintiff's] FOIA request").

Because the court denies Defendant's Motion for Summary Judgement on the adequacy of the search, it need not rule on the propriety of Defendant's withholdings or segregability determination at this juncture. That said, the court has conducted a preliminary review of the Luczynski Declaration and *Vaughn* Index and suggests that Defendant reexamine its invocation of Exemptions 6 and 7(C) to withhold in full an expert witness's curriculum vitae, a police officer's investigative notes, a handwritten account of the offense based on the victim's statement, and additional police notes. These records are identified as Documents 3, 5, 10, and 11, respectively, in the *Vaughn Index*. *See* Luczynski Decl., Attach. J. Neither the declaration nor the *Vaughn* Index adequately explains why those documents cannot be released in part by redacting identifying personal information. Additionally, it is unclear how Exemptions 6 and 7(C) support the redaction of names appearing in a publicly filed grand jury indictment. *See id.* (identifying Document 1 as a "Grand Jury Indictment"). Defendant also may wish to revisit its segregability determination in light of the court's observations.

Thus, Defendant's Motion for Summary Judgment is denied without prejudice. Defendant may file a renewed Motion for Summary Judgment on or before April 27, 2017.

Dated: March 28, 2017

Amit P. Mehta
United States District Judge